IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LEVI G. SPRINGER, | |
| Petitioner, | **8:23CV15** |
| vs. | |
| ISAAC SHERMAN, JASON SHERIDAN, ALAN HARIAN, ORVILLE CAYOU, JEROME HAMILTON, CLIFFORD WOLFEJR., EVERETT BAXTER JR., NILAH SOLOMON, and CURRENT ACTING DIRECTOR, U.S. Department of Interior; | **MEMORANDUM AND ORDER** |
| Respondents. | |

This matter is before the Court on initial review of what has been docketed as Petitioner Levi G. Springer's ("Springer") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. Filing No. 1. The Court conducts this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the Court to apply Rule 4 of those rules to a section 2241 action. For purposes of this initial review, the Court considers Springer's supplemental filings, Filing No. 6 and Filing No. 23, as part of the Petition. For the reasons discussed below, the Court will dismiss the Petition without prejudice for lack of jurisdiction.

## I. SUMMARY OF PETITION

Springer brings his habeas petition pursuant to both 28 U.S.C. § 2241 and 25 U.S.C. § 1303 of the Indian Civil Rights Act of 1968 ("ICRA"). *See* Filing No. 1 at 1, 8. Springer is an inmate currently confined in the Virginia Department of Corrections

serving a 39-year sentence for a 2005 conviction for burglary, larceny, unauthorized use of a motor vehicle, and abduction.  Filing No. 6 at 10.  Springer names as Respondents four Executive Council Members and three tribal members of the Omaha Tribe, the Acting Superintendent of the U.S. Department of the Interior ("DOI") in Winnebago, Nebraska; and the Current Acting Director of the DOI in Aberdeen, South Dakota.  Filing No. 1 at 2–4.

Condensed and summarized, Springer, an enrolled member of the Omaha Tribe, seeks "federal habeas corpus equity claims relief" based on Respondents' alleged violations of federal law related to the Omaha Tribe's two casinos and the use and management of any revenues from those casinos.  Id. at 8–9.  Springer alleges Respondent Executive Council Members unlawfully withheld past casino revenue payments from Springer and failed to inform Springer of any net gaming revenues from the tribe's two casinos or how those revenues were to be used for the general welfare of the tribe as required by Omaha Tribal Council Resolution No. 10-122.  Id. at 9–10, 25–27.  Springer further alleges Respondents denied him due process by failing to assist Springer in the application process to receive his pro rata share of tribal trust funds on deposit with the U.S. Treasury pursuant to 25 U.S.C. § 119.  Id. at 14, 31–32.  As relief, Springer seeks his "pro rata share of tribal trust funds" and asks that certain percentages of the annual revenues from the Omaha Tribe's casinos be set aside or made available for Springer to further his education, to use for his basic needs, and to develop clean energy resources on land Springer owns in Nebraska.  Id. at 10–13, 16–17.

## II.  DISCUSSION

The Court docketed Springer's Petition as one brought pursuant to 28 U.S.C. § 2241, but that section clearly does not apply here.  Section 2241 authorizes federal district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3).  While Springer is a state prisoner, his petition does not challenge his present custody as being in violation of federal law or the United States Constitution.  Thus, Springer is plainly not entitled to relief under § 2241, and to the extent his petition seeks relief under that provision, it must be dismissed.

Springer's Petition is more properly understood as a petition for a writ of habeas corpus pursuant to 25 U.S.C. § 1303 of the ICRA, which provides "[t]he privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe."  Section 1303 of the ICRA contains the exclusive remedy for violations of the ICRA—a writ of habeas corpus in federal court.  *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 66–72 (1978).  "All federal courts addressing the issue mandate that two prerequisites be satisfied before they will hear a habeas petition filed under ICRA: [t]he petitioner must be in custody, and the petitioner must first exhaust tribal remedies."  *Chegup v. Ute Indian Tribe of Uintah & Ouray Rsrv.*, 28 F.4th 1051, 1060 (10th Cir. 2022) (quoting Cohen's Handbook of Federal Indian Law § 9.09 (2017)); *accord Jeffredo v. Macarro*, 599 F.3d 913, 918 (9th Cir. 2010).  "Thus, persons seeking to invoke jurisdiction in a federal court under 25 U.S.C. § 1303 must demonstrate a severe actual or potential restraint on liberty."  *Payer v. Turtle Mountain Tribal Council*, No. A4-03-105, 2003 WL 22339181, at *4 (D.N.D.

3

Oct. 1, 2003) (citing *Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 880 (2nd Cir.1996) (noting that under *Jones v. Cunningham*, 371 U.S. 236, 243 (1963), and its progeny, actual physical custody is not a jurisdiction prerequisite for federal habeas review); *Moore v. Nelson*, 270 F.3d 789, 791 (9th Cir.2001) ("There is no reason to conclude that the requirement of 'detention' set forth in the Indian Civil Rights Act § 1303 is any more lenient than the requirement of 'custody' set forth in the other federal habeas statutes."); *Harvey v. State of N.D.*, 526 F .2d 840, 841 (8th Cir.1976) (stating that, in the context of a petition for federal habeas corpus filed by a state prisoner, the custody requirement has been equated with significant restraint on liberty)).

Here, Springer's Petition fails to demonstrate, or even allege, that he is detained or subject to a severe restraint on his liberty as the result of an order of the Omaha Tribe.  Rather, Springer merely alleges that the Respondents have violated federal law in denying Springer his alleged shares of casino revenue payments and tribal trust funds.  Such allegations fail to satisfy the detention requirement of 25 U.S.C. § 1303, and the Court, thus, lacks jurisdiction to consider Springer's habeas petition pursuant to that section.  *See Tavares v. Whitehouse*, 851 F.3d 863, 878 (9th Cir. 2017) (holding that the district court lacked jurisdiction under § 1303 of the ICRA to review petitioners' challenge to tribe's orders temporarily excluding petitioners from tribal lands); *Lewis v. White Mountain Apache Tribe*, No. CV-12-8073-PCT-SRB (DKD), 2013 WL 510111, at *6 (D. Ariz. Jan. 24, 2013) (holding that the court lacked subject matter jurisdiction to hear plaintiff's claim under 25 U.S.C. § 1303 because tribe members' refusal to allow petitioner to run for tribal council "is simply not equivalent to a detention under § 1303"); *Poulson v. Tribal Ct. for the Ute Indian Tribe of the Uintah & Ouray Rsrv.*, No. 2:12-CV-

497 BSJ, 2013 WL 1367045, at *2–3 (D. Utah Apr. 4, 2013) (denying petition for lack of jurisdiction because "[t]he temporary suspension of one's license to practice as a tribal court advocate is simply not the 'custody' required to sustain habeas corpus proceedings" under 25 U.S.C. § 1303); *Payer*, 2003 WL 22339181, at *6 (D.N.D. Oct. 1, 2003) (denying habeas petition for lack of jurisdiction because petitioners' removal from school board by tribal council amounted to an alleged deprivation of a property right and did not constitute an "unlawful detention" within meaning of 25 U.S.C. § 1303).

Finally, to the extent Springer may raise any other cognizable federal claims, such claims must be brought in a separate non-habeas civil action.  The Court specifically declines to construe this action as a non-habeas civil action because to do so would allow Springer to evade the Prison Litigation Reform Act's requirement that prisoners who have had 3 or more cases dismissed as frivolous or for failure to state a claim must pay the Court's full $350.00 filing fee up front unless he shows that he is in imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).  "Springer has brought such actions or appeals on three or more prior occasions, including *Springer v. Clarke*, No. 12-6100 (4th Cir. April 11, 2012) (denying application to proceed in forma pauperis on appeal under § 1915(g), based on three "strikes") (citing *Springer v. Shaw*, No. 1:09-cv-01339-LO-IDD (E.D. Va. Jan. 4, 2010); *Springer v. Reid*, No. 1:10-cv-01392-LO-TCB (E.D. Va. Feb. 14, 2011); and *Springer v. Reid*, No. 1:10-cv-01445-LO-TRJ (E.D. Va. Feb. 14, 2011))."  *Springer v. McDuffie*, No. 7:20CV00263, 2020 WL 3026430, at *2 (W.D. Va. June 5, 2020) (dismissing complaint without prejudice pursuant to § 1915(g)).

## III.  OTHER PENDING MOTIONS

Springer filed two Motions for Status, Filing No. 16; Filing No. 27, inquiring as to the Court's receipt of his filing fee, the status of his case, and whether Respondents had entered any appearance of counsel.  The Court received Springer's filing fee payment on March 1, 2023, and has now conducted an initial review of his Petition, which the Court will dismiss for lack of jurisdiction.  No appearance has been entered on behalf of any of the Respondents as the Court has determined that the Petition cannot proceed and will not cause the Petition to be served upon Respondents.  Accordingly, Springer's Motions for Status are granted, and this Memorandum and Order serves to advise Springer of the status of his case.

Springer also filed two Motions for Appointment of Counsel, Filing No. 14; Filing No. 17, and a Motion for Discovery, Filing No. 24.  Given the Court's conclusion that Springer's Petition must be dismissed for lack of jurisdiction, these motions will be denied as moot.

## IV.  CERTIFICATE OF APPEALABILITY

To the extent Springer sought relief under 28 U.S.C. § 2241, he must obtain a certificate of appealability if he wishes to appeal.  *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); Rule 1(b) and Rule 11(a) of the *Rules Governing Section 2254 Cases in the United States District Courts*.  The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).  The Court has applied the appropriate standard and determined that Springer is not entitled to a certificate of appealability.

6

## V. CONCLUSION

Springer does not challenge his present custody by Virginia state officials, and, therefore, he is not entitled to relief under 28 U.S.C. § 2241. The Court also lacks jurisdiction to consider Springer's claims pursuant to 25 U.S.C. § 1303 as he has not established that he is in detention within the meaning of § 1303. The Court therefore dismisses Springer's Petition without prejudice for lack of jurisdiction.

IT IS THEREFORE ORDERED that:

1.      Springer's Motions for Status, Filing No. 16; Filing No. 27, are granted in accordance with this Memorandum and Order.

2.      Springer's Motions for Appointment of Counsel, Filing No. 14; Filing No. 17, and Motion for Discovery, Filing No. 24, are denied as moot.

3.      The Petition for Writ of Habeas Corpus, Filing No. 1, and any amendments or supplements thereto, is dismissed without prejudice for lack of jurisdiction.

4.      A separate judgment will be entered.


Dated this 1st day of December, 2023.


                                        BY THE COURT:

                                        Joseph F. Bataillon
                                        Senior United States District Judge

7